# UNITED STATES DISTRICT COURT
## FOR THE WESTERN DISTRICT OF OKLAHOMA

| | |
|---|---|
| REBECCA TROUT, | ) |
| | ) |
| Plaintiff, | ) |
| | ) |
| v. | ) Case No. CIV-16-38-D |
| | ) |
| CAROLYN W. COLVIN, | ) |
| Acting Commissioner, | ) |
| Social Security Administration, | ) |
| | ) |
| Defendant. | ) |

## **REPORT AND RECOMMENDATION**

Plaintiff Rebecca Trout, appearing pro se and proceeding *in forma pauperis*, has filed this action seeking review of a final decision of the Commissioner of Social Security. Compl. (Doc. No. 1); *see also* Order Grant. IFP Appl. (Doc. No. 5); Ans. (Doc. No. 11). United States District Judge Timothy D. DeGiusti has referred the matter to the undersigned Magistrate Judge for proceedings consistent with 28 U.S.C. § 636(b). For the reasons that follow, Plaintiff's action should be dismissed without prejudice because she has failed to prosecute her case.

### Background

On June 6, 2016, the undersigned issued an Order directing Plaintiff to file her opening brief within 45 days of the Order's date—i.e., on or before July 21, 2016. Order of June 6, 2016 (Doc. No. 14) at 1; *see also id.* at 2 (directing Defendant to verify that she had served a paper copy of the certified administrative transcript on the pro se Plaintiff). As of August 3, 2016, Plaintiff had neither filed her opening brief nor sought an

extension of time within which to do so. *See* Order to Show Cause (Doc. No. 16) at 1-2. Accordingly, the Court gave Plaintiff 21 days to either advise the Court (through a written filing) that she intended to dismiss the action or, if she wished to proceed, to explain her failure to comply with the briefing deadline and why this case should not be dismissed. *Id.* The Court also instructed Plaintiff, if she requested to proceed, to submit by the extended deadline the opening brief that was originally due on July 21, 2016. *Id.* The Order expressly warned Plaintiff that her case may be dismissed if she failed to comply by August 24, 2016. *Id.* at 2.

This case's docket indicates that the Order to Show Cause was mailed to Plaintiff's last known address on August 3, 2016, and there is no indication that the Order was not delivered to Plaintiff. *See* LCvR 5.4(a). The Court has not received any correspondence from Plaintiff since she filed her Complaint and IFP Application on January 15, 2016.

Analysis

This Court has inherent authority to clear its "calendar[] of cases that have remained dormant because of the inaction or dilatoriness of the parties seeking relief." *Link v. Wabash R.R. Co.*, 370 U.S. 626, 630-31 (1962). "Dismissal for failure to prosecute is a recognized standard operating procedure in order to clear the deadwood from courts' calendars where there has been prolonged and unexcused delay," *Bills v. United States*, 857 F.2d 1404, 1405 (10th Cir. 1988), or to "sanction a party for failing to . . . comply with local or federal procedural rules," *AdvantEdge Bus. Grp. v. Thomas E. Mestmaker & Assocs.*, 552 F.3d 1233, 1236 (10th Cir. 2009) (internal quotation marks

omitted). "When dismissing a case without prejudice, a district court may, without abusing its discretion, enter such an order without attention to any particular procedures." *AdvantEdge Bus. Grp.*, 552 F.3d at 1236 (internal quotation marks omitted); *accord Robledo-Valdez v. Smelser*, 593 F. App'x 771, 774-75 (10th Cir. 2014) (citing Fed. R. Civ. P. 41(b)).

In June and August 2016, the Court explained to Plaintiff the actions required of her to proceed with this case. Order of June 6, 2016 at 1-2; Order to Show Cause at 1-2. Plaintiff was warned that her failure to comply with the Court's directives and rules, and to do so by a date certain, may result in her case being dismissed. Order to Show Cause at 2. Despite being given ample opportunity to do so, Plaintiff has not taken the steps necessary to prosecute her case. Order of June 6, 2016 at 1-2; Order to Show Cause at 1-2; Supp'l Certificate of Serv. (Doc. No. 15) at 1 (certifying that a true and correct copy of the certified administrative transcript was delivered to Plaintiff's address of record on April 21, 2016); *see Robledo-Valdez*, 593 F. App'x at 774. Plaintiff's failure to comply with the Court's orders and deadlines leaves the Court unable to "achieve [an] orderly and expeditious" resolution of this action. *Link*, 370 U.S. at 631; *see* LCvR 3.1, 3.2, 3.3(d).

<u>Recommendation</u>

For the reasons set forth above, the undersigned recommends dismissal of this action without prejudice.

<u>Notice of Right to Object</u>

Plaintiff is advised of her right to file an objection to this Report and Recommendation with the Clerk of this Court by October 21, 2016, in accordance with 28 U.S.C. § 636 and Federal Rule of Civil Procedure 72. Plaintiff is further advised that failure to timely object to this Report and Recommendation waives the right to appellate review of both factual and legal issues contained herein. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the present case.

ENTERED this 30th day of September, 2016.

_____
CHARLES B. GOODWIN
UNITED STATES MAGISTRATE JUDGE